IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DUANE WILSON** | Case No. 19-cr-595-JDW |

### MEMORANDUM

Duane Wilson asks the Court to reduce his sentence to time served, but he has not made the showing necessary to obtain such relief. The Court will deny his Motion.

### I.   BACKGROUND

Mr. Wilson pleaded guilty to filing a false tax return in violation of 26 U.S.C. § 7206, a crime carrying a sentence of up to three years imprisonment. The Sentencing Guidelines recommended a sentence between 24 and 30 months. The Court sentenced Mr. Wilson on February 6, 2020, and it entered judgment on February 10, 2020. Given Mr. Wilson's poor health and first-time, non-violent offender status, the Court varied down from the recommended Guidelines range and imposed a sentence of six months followed by a one-year period of supervised release.

The Court ordered Mr. Wilson to report to FMC Devens on April 6, 2020. Then, in response to the COVID-19 pandemic, the Court extended that date five times, during which time Mr. Wilson obtained a vaccine. Ultimately, the Court ordered Mr. Wilson to report by May 10, 2021, and he was incarcerated in FMC Devens. Just over three months into his six-month sentence, Mr. Wilson filed this Motion.

Mr. Wilson argues he qualifies for the "extraordinary and compelling" reasons provision of 18 U.S.C. § 3582(c)(1)(A)(i) allowing for compassionate release because of a "myriad of health issues . . . . combined with the ongoing coronavirus pandemic." (ECF No. 30 at 3.) He requests the Court immediately release him from custody to begin his one-year supervised release term or permit him to serve the remainder of his sentence on home confinement.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A) a district court may reduce an inmate's sentence as a form of compassionate release after the defendant has exhausted his administrative remedies only if the Court finds that (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, warrant a reduction; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Gilbert*, No. CR 18-00095, 2021 WL 492536, at *2 (E.D. Pa. Feb. 10, 2021).

A district court may only consider such a request for compassionate release from a prisoner when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days from the receipt of such a request by the warden of the defendant's facility" have elapsed. 18 U.S.C. § 3582(c)(1)(A). A prisoner does not need to exhaust his administrative appeals, so long as he has satisfied the 30-day waiting requirement. *See United States v. Rodriguez*, No. 03-CR-00273, 2020 WL 1627331, at *2, n.6 (E.D. Pa. Apr. 1, 2020) ("The government agrees that Rodriguez's motion is properly before the

Court because he has complied with § 3582(c)(1)(A)'s 30-day lapse provision.").

Mr. Wilson has satisfied the timing requirement. He made his request for compassionate release on or about June 8, 2021, and the Warden denied his request on July 27, 2021. (ECF No. 30 at 5.) He then filed this Motion on August 27, 2021. Unfortunately, that is the only element of § 3582(c) he satisfies.

### III.   ANALYSIS

#### A.   Extraordinary And Compelling Reasons

Congress did not define the term "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 18 U.S.C. § 994(t). Rather, Congress delegated the authority to define "extraordinary and compelling reasons" to the Sentencing Commission. *See United States v. Johnson*, No. CR 17-518-5, 2021 WL 308230, at *2 (E.D. Pa. Feb. 2, 2021).

Application Note 1 to § 1B1.13 of the Sentencing Guidelines enumerates three specific situations that qualify as "extraordinary and compelling" based on the medical condition, age, or family circumstances of the defendant. *See* U.S.S.G. § 1B1.13 n.1(A)-(C). Application Note 1 further provides a "catch-all" provision, which allows a court to modify a sentence for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D); *see United States v. Rodriguez*, 451 F. Supp. 3d 392, 400 (E.D. Pa. 2020). Mr. Wilson does not specify the basis for his request. He argues that the COVID-19 pandemic is an unprecedented public health crisis that presents a grave risk to prisoners and that he runs a high risk of serious illness or death if he contracts COVID-

19. The Court will evaluate his request under both the medical condition and "catch-all" categories.

A defendant's medical condition qualifies as "extraordinary and compelling" if "the defendant is suffering from a terminal illness," or "the defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A)(i-ii). Mr. Wilson's medical condition does not qualify. The record indicates that his health is essentially unchanged from the time he reported to prison. He is not suffering from a terminal illness, nor is he suffering from a condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility.

"Other reasons" might also qualify as "extraordinary and compelling" and warrant a reduction in sentencing. U.S.S.G. § 1B1.13 n.1(D). Mr. Wilson argues that the exigencies of the COVID-19 pandemic fall into this category. To make his case, he provides a twelve-page generalized accounting of the evolution of the COVID-19 pandemic and a list of decisions finding the pandemic to present an extraordinary and compelling" basis for early release. But the cases that Mr. Wilson cites pre-date the distribution of COVID-19 vaccinations in federal prisons. As "COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021). Not only does this court agree, but it also

4

permitted Mr. Wilson to delay reporting to prison for more than a year so that he could get vaccinated.

In fact, current public information does not support Mr. Wilson's assertion. FMC Devens, like other federal correctional institutions, has adopted a COVID-19 response plan to mitigate the risk of the virus's spread. And, as of the date of this opinion, the U.S. Bureau of Prisons reports that no inmates at Devens have COVID-19. *See* https://www.bop.gov/coronavirus (last visited Sept. 29, 2021). BOP also reports that more than 700 inmates and 300 staff at Devens are fully vaccinated against COVID-19. These statistics demonstrate that Mr. Wilson faces some generalized risk of COVID-19 exposure at Devens, but not the type of elevated risk that creates an extraordinary and compelling circumstance justifying his release. And they give lie to his assertion that the "coronavirus continues to spread at an alarming and uncontrollable rate inside BOP facilities." (ECF No. 30 at 13.)

B.   **Section 3553(a) Sentencing Factors**

Relevant factors that a court should consider when imposing a sentence include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; [and] . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records

who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). These factors do not favor a modification of the sentence.

Mr. Wilson pleaded guilty to filing a false tax return, in violation of 26 U.S.C. § 7206. This is a serious crime that carries a sentence of up to three years imprisonment. Releasing Mr. Wilson after serving a third of his sentence would fail to reflect the seriousness of his offense, promote respect for the law, or provide just punishment. Such a dramatic departure from the recommended sentence would also not afford adequate deterrence to similar criminal conduct. Also, a four-month sentence for a crime that typically carries a sentence of eighteen to twenty-four months would create a significant sentence disparity among defendants with similar records who have been found guilty of similar conduct.

The Court is also not persuaded by Mr. Wilson's arguments that § 3553(a)'s factors favor a reduction in his sentence. Mr. Wilson states "the overriding factor under § 3553(a) that was not present at the time of sentencing is the COVID-19 pandemic and the serious risk it presents." (ECF No. 30 at 32.) While Mr. Wilson is correct in his contention that the COVID-19 pandemic was not present at the time of sentencing, the Court has already accounted for this risk by delaying his report date for over one year, until after the development and administration of an effective vaccination. While the Court appreciates that Mr. Wilson has "demonstrated his rehabilitation through exhibiting good behavior during his imprisonment," that does not satisfy § 3553(a). (ECF No. 30 at 32.) Nothing before the Court suggests this reduction equates to a sentence that is "sufficient, but not greater than necessary."

### C. Consistency With Policy Statement

The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13; *see United States v. Martines*, No. CR 94-127-3, 2021 WL 427285, at *5-6 (E.D. Pa. Feb. 8, 2021). The Court does not view Mr. Wilson as a danger to the community now, any more than he was at the time of sentencing. But that fact alone does not justify a reduction in Mr. Wilson's sentence.

## IV. CONCLUSION

Mr. Wilson does not satisfy the standard for compassionate release after serving four months of a six-month sentence. The Court will therefore deny Mr. Wilson's Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J**.

September 29, 2021